## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANE RICHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | )    CIVIL ACTION |
| v. | ) |
| | )    No. 04-2499-KHV |
| LEW PERKINS, in his official | ) |
| and individual capacities, and | ) |
| STANLEY REDWINE, in his official | ) |
| and individual capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff Stephane Richard brings suit under 42 U.S.C. § 1983 against Lew Perkins, University

of Kansas Athletic Director, and Stanley Redwine, University of Kansas Head Track Coach.  Plaintiff

claims that Redwine and Perkins (1) removed him from the University of Kansas track team in

retaliation for his exercise of First Amendment rights to free speech and petition for redress and his

Fourteenth Amendment rights to procedural due process; and (2) violated his right to substantive due

process by arbitrarily dismissing him from the track team.  This matter comes before the Court on

Defendant Stanley Redwine's Motion For Judgment On The Pleadings (Doc. #11) filed December

27, 2005, Defendant Lew Perkins' Motion For Judgment On The Pleadings (Doc. #19) filed February

9, 2005, and Perkins' Motion To Stay Discovery (Doc. #21) filed February 9, 2005.  For reasons

stated below, the Court finds that defendants' motions for judgment on the pleadings should be

sustained in part, and that Perkins' motion to stay discovery should be overruled as moot.

## Standards

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992). In reviewing defendants' motions, the Court assumes the veracity of the "well-pleaded factual allegations" in the pretrial order and draws all reasonable inferences in plaintiff's favor.  Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987); see Zinermon v. Burch, 494 U.S. 113, 118 (1990).  The issue is not whether plaintiff ultimately will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183 (1984).  The Court may dismiss a case for failure to state a claim only if it appears beyond a doubt that plaintiff can prove no set of facts in support of his theory of recovery that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In support of their motions, defendants rely upon exhibits attached to their answers. Defendants ask the Court to consider these documents as part of the pleadings, or to convert the motions to motions for summary judgment.  Plaintiff responds that the documents are not part of the pleadings.  Rule 8, Fed. R. Civ. P., provides that pleadings consist of concise and direct statements of claims for relief, defenses and affirmative defenses.  Under Rule 10, Fed. R. Civ. P, documents attached as exhibits to pleadings – such as the scholarship agreements and letters attached to defendants' answers –  technically are part of the pleadings.  See Rule 10(c) Fed R. Civ. P. (exhibits to pleading part of pleading for all purposes); Webster v. New Lennox School Dist. No. 122, 917 F.2d 1004, 1005-06 (7th Cir. 1990) (letter attached as exhibit to pleading part of pleading). Mere attachment of such documents, however, does not render such exhibits dispositive.  See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674-675 (2d Cir. 1995).  In ruling on a motion under Rule

2

12(c), the Court must consider plaintiff's well-pleaded facts to be true, and draw all inferences in his favor. Finally, although the Court has broad discretion to convert a Rule 12(c) motion to a motion for summary judgment, see Nichols v. United States, 796 F.2d 361, 364 (10th Cir. 1986), the Court declines to do so in this case.

### Facts

The following facts are taken from plaintiff's complaint.

The University of Kansas ("KU") awarded Richard a scholarship to participate on the men's track team in horizontal jump events, and he enrolled at KU in January of 2003. Richard would not have attended KU without the scholarship and the ability to participate on the track team. The scholarship agreement provided that the scholarship was for one year and was renewable.[1]

On June 24, 2004, the KU Office of Student Financial Aid notified Richard that based on an alleged act of disrespect by Richard, Redwine had decided not to renew his scholarship for the 2004-2005 academic year. Richard appealed this decision to the Student Athlete Appeals Board ("SAAB"), which on August 3, 2004, reversed Redwine's decision and reinstated Richard's scholarship for 2004-2005.

On August 22, 2004, Richard attempted to attend a track team photograph session. In front of team members, Redwine informed Richard that he was expelled from the team and could not be

---

[1]     Defendants have attached copies of the scholarship agreement to their answers, and plaintiff does not dispute that the copies of the agreement are authentic. The agreement provides that during the one-year term of the scholarship, KU could terminate the scholarship only for serious misconduct. The agreement does not include any restrictions on KU's right to determine whether to renew the scholarship. These facts are not in the complaint, but the complaint refers to the scholarship agreement. Because the agreement is an integral part of the case, the Court can consider it without converting the motion to one under Fed. R. Civ. P. Rule 56. See GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997).

in the team picture.  Redwine also barred Richard from using the team training facilities and refused to explain his decision to remove Richard from the team.  On September 3, 2004, Richard appealed his expulsion to Perkins and Terrence Hines, the Associate Athletic Director for Compliance and Legal Affairs.

Richard has a vital interest in being able to train and compete because he intends to compete for a place on the Canadian Olympic team.  If Richard is not a member of the track team, he is not eligible for a scholarship in 2005-2006.

Redwine's son, Stanley Redwine, Jr., is a member of KU's men's track team and competes in the same events as Richard.  Redwine expelled Richard from the team to favor his son over Richard.  Redwine lacked good cause to expel Richard from the team, and his decision resulted from a conflict of interest.

Richard alleges that when he appealed Redwine's decision to terminated his scholarship, he was exercising his First Amendment rights to free speech and petition the government and his Fourteenth Amendment right to procedural due process.  Richard claims that Redwine expelled him from the team in retaliation for this constitutionally protected conduct, and that Perkins also violated his First and Fourteenth Amendment rights when he upheld Redwine's decision to expel him.  Richard further claims that Redwine and Perkins violated his substantive due process rights when they expelled him from the team.

Richard seeks injunctive relief, including reinstatement to the team, and damages against Redwine and Perkins in their individual capacities. He also seeks punitive damages against Redwine.

**Analysis**

Both defendants assert that they are entitled to judgment on the pleadings on all claims because plaintiff has not set forth claims on which relief may be granted. Alternatively, defendants assert that in their individual capacities they are entitled to qualified immunity.

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity provides government officials immunity from suit as well as from liability for their discretionary acts. See Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985); Pueblo Neighborhood Health Ctrs. v. Losavio, 847 F.2d 642, 644 (10th Cir. 1988); see also Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993). The doctrine of qualified immunity serves the goals of "protecting officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." Butz v. Economou, 438 U.S. 478, 506 (1978).

To determine whether plaintiff can overcome the qualified immunity defense, the Court first determines whether plaintiff has asserted a violation of a constitutional or statutory right. Roska v. Peterson, 328 F.3d 1230, 1239 (10th Cir. 2003). The Court then decides whether that right was clearly established such that a reasonable person would have known that the conduct violated that right. Id. (citing Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996)). Order is important; the Court must decide first whether plaintiff has alleged a constitutional violation, and only then proceed to determine whether the law was clearly established. Roska, 328 F.3d at 1239 (citing Saucier v. Katz, 533 U.S. 194, 200 (2001)).

5

I.      **Retaliation Claims**

Plaintiff claims that defendants expelled him from the track team in retaliation for his exercise of constitutional rights in appealing the decision not to renew his scholarship.  Specifically, plaintiff asserts that in appealing the non-renewal decision, he invoked his constitutional rights to free speech and petition the government for redress, and to procedural due process.

A.      First Amendment Rights To Free Speech And To Petition The Government

Defendants assert that they are they are entitled to judgment on the pleadings because as a matter of law, plaintiff's speech and petition for redress did not involve matters of public concern. Alternatively, defendants assert that even if plaintiff's First Amendment activity touched a matter of public concern, they are entitled to qualified immunity because at the time of the violation, plaintiff's right to appeal the non-renewal of his scholarship was not clearly established.

The First Amendment protects the right to free speech and the right to petition the government for redress of grievances. The Supreme Court has interpreted the Petition Clause to apply in a variety of circumstances, including the right to petition the executive branch.  Cal. Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508 (1972) (right of access to courts but one aspect of right of petition).  First Amendment retaliation claims are generally, but not always, brought in the public employment context.  Van Deelen v. Shawnee Mission Unified Sch. Dist. No. 512, 316 F. Supp.2d 1052, 1057 (D. Kan. 2004); see Connick v. Myers, 461 U.S. 138 (1983); Pickering v. Bd. of Educ., 391 U.S. 563 (1968).  In this case, plaintiff is not an employee of defendants.[2]  The Court

---

[2]      Although plaintiff may have had a contractual relationship with the University through a scholarship contract, none of the parties allege that this relationship gave rise to an employment relationship.

therefore employs the substantive standard set out in <u>Worrell v. Henry</u>, 219 F.3d 1197 (10th Cir.

2000); <u>see</u> <u>McCook v. Spriner Sch. Dist.</u>, 44 Fed. Appx. 896, 903 (10th Cir. 2002).

Under <u>Worrell</u>, plaintiff must allege that (1) he engaged in constitutionally protected activity;

(2) defendants caused him to suffer an injury that would chill a person of ordinary firmness from

continuing to engage in that activity; and (3) defendants' action was substantially motivated by his

exercise of constitutionally protected conduct.  <u>Worrell</u>, 219 F.3d at 1212.

The Court first examines whether plaintiff was engaged in a constitutionally protected

activity.  Clearly, free speech and access to the courts are constitutionally protected rights.  Under

Tenth Circuit law, however, plaintiff must show that his speech or petition touched upon matters of

public concern.  <u>See</u> <u>Martin v. City of Del City</u>, 179 F.3d 882, 887 (10th Cir. 1999) (adopting position

of seven circuits that public employee who has petitioned is in no better position than one who has

merely exercised free speech); <u>see</u> <u>generally</u> <u>Connick v. Myers</u>, 461 U.S. 138, 147 (1983); <u>see</u> <u>also</u>

<u>McCook v. Spriner School District</u>  44 Fed. Appx. 896, 904 (10th Cir. 2002) (unpublished) (citing

with approval view Seventh Circuit view that filing lawsuit to vindicate private rights not matter of

public concern); <u>Dishnow v. Sch. Dist. of Rib Lake</u>, 77 F.3d 194, 197 (7th Cir. 1996).

In this case, plaintiff claims that defendants retaliated against him for appealing the decision

not to renew his scholarship.  He does not assert that the appeal involved a pattern of official

misconduct, and it appears that the appeal merely sought redress for private rights.  <u>See, e.g.</u>,

<u>Gardetto v. Mason</u>, 100 F.3d 803, 813 (10th Cir. 1996) (First Amendment does not protect criticisms

of internal management decisions); <u>Marcum v. Dahl</u>, 658 F.2d 731 (10th Cir. 1981) (statements to

press by college athletes, publicly criticizing team leadership, not entitled to First Amendment

protection); <u>see</u> <u>also</u> <u>Pinard v. Clatskanie Sch. Dist. GJ</u>, 319 F. Supp.2d 1214 (D. Or. 2004)

(statements of high school basketball players, requesting coaches' resignation, not matter of public concern). The Court therefore concludes that plaintiff was not engaged in constitutionally protected activity, and defendants are entitled to judgment on the pleadings as to plaintiff's First Amendment retaliation claim. Further, because plaintiff has not alleged a constitutional violation, Redwine and Perkins are entitled to qualified immunity on this claim.

B.      Procedural Due Process

        Plaintiff claims that in dismissing him from the team, defendants retaliated against him for exercising Fourteenth Amendment rights to procedural due process. Defendants assert that they are entitled to judgment on the pleadings because plaintiff did not have a protected property interest in renewal of his scholarship and he therefore did not have a right to procedural due process.

        Procedural due process must accompany the deprivation of an established property or liberty interest. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972). Property and liberty interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. Id. at 577; see also Paul v. Davis, 424 U.S. 693, 710 (1976) (liberty and property interests attain constitutional status by virtue of initial recognition and protection by state law). A property interest is created when a person has secured an interest in a specific benefit to which the individual has "a legitimate claim of entitlement." Id. The interest must be more than an "abstract need or desire" or a "unilateral expectation of" the benefit. Id.

        Defendants address this issue only briefly. Redwine relies upon the fact that the scholarship agreements specify a one-year term and contain no restrictions on the right of non-renewal. Redwine also asserts that plaintiff has not alleged that the scholarship agreements provided him a property interest in continuation beyond a one-year term. The complaint, however, alleges that the

8

scholarship was renewable on an annual basis, <u>Complaint</u>, ¶ 5, and that when Richard appealed the cancellation of his scholarship, he engaged in "his right to procedural due process." <u>Id.</u> at ¶20.

Perkins merely responds to plaintiff's claim that Perkins retaliated against him for exercising procedural due process rights by stating that he has not found any cases which recognize such a cause of action. Courts however, have recognized claims based on retaliation for exercise of procedural due process rights. <u>See, e.g.</u>, <u>Vance v. Barrett</u>, 345 F.3d 1083 (9th Cir. 2003); <u>Griffin v. Spratt</u>, 969 F.2d 16, 19 (3d Cir. 1985). Based on the pleadings, the Court cannot find that there is no set of facts on which plaintiff might prevail.

Because the Court has found that plaintiff has alleged a constitutional violation, it must decide whether, at the time of the alleged violation, that right was so clearly established that a reasonable person would have known that the conduct violated that right. <u>Garramone v. Romo</u>, 94 F.3d 1446, 1449 (10th Cir. 1996). In order to show that the law was clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." 159 F.3d at 516. The individual defendants do not address this question. They stake their claim of qualified immunity on the argument that plaintiff has not set forth a violation of a constitutional right. As plaintiff points out, however, it is well established that government officials may not retaliate against individuals who engage in constitutionally protected conduct. <u>See</u> <u>Mt. Healthy City Sch. Dist. Bd. of. Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977); <u>see</u> also <u>United States v. Conkins</u>, 9 F.3d 1377, 1382 (9th Cir.1993) ("Due process of law is violated when the government vindictively attempts to penalize a person for exercising a protected statutory or constitutional right."). On this record, the Court concludes that defendants are not entitled to qualified immunity.

II.     **Substantive Due Process Claim**

Plaintiff asserts that when defendants dismissed him from the KU track team, they violated his right to substantive due process.  Defendants assert that they are entitled to judgment on the pleadings because plaintiff has not alleged that he had a viable property or liberty interest in placement on the track team and that even if he could establish such an interest, he has not alleged that his dismissal constitutes arbitrary and capricious conduct.

Defendants correctly note that under Tenth Circuit law, that student athletes do not have constitutionally protected property or liberty interests in participating in intercollegiate athletics.  Seamons v. Snow, 84 F.3d 1226 (10th Cir. 1996) (no protected property interest in participating in school athletic program); Colo. Seminary v. Nat'l Collegiate Athl. Assoc., 417 F. Supp. 885 (D. Colo. 1976) (same), aff'd, 612 F.2d 473 (10th Cir. 1979); see also Lesser v. Neosho County Community Coll., 741 Supp. 854, 861-62 (D. Kan. 1990) (participation in intercollegiate athletics is privilege, not a right); Hysaw v. Washburn Univ. of Topeka, 690 F. Supp. 940 (D. Kan. 1987) (no right to pursue college football career).  In Stone v. Kansas State High School Activities Association, Inc., 761 P.2d 1255, 1259 (Kan. App. 1988), however, the Kansas Court of Appeals found that a student's interest in participating in school-related activities is "not entirely unprotected."  In Stone, a high school student challenged the state high school athletic association's eligibility rule.  The Kansas Court of Appeals ruled that the association could not enact arbitrary and capricious rules free of judicial review.  The Court found that although participation in extracurricular school activities is not a fundamental right, it is protected.  In so ruling, the Stone court rejected the authorities on which defendants rely, stating as follows:

[W]e respectfully differ from those courts which hold that a student's interest in

10

> participating in extracurricular activities is "not of constitutional magnitude," <u>Hardy v. University Interscholastic League</u>, 759 F.2d 1233, 1235 (5th Cir. 1985), is not constitutionally protected, <u>Colorado Seminary (U of Denver) v. N.C.A.A.</u>, 570 F.2d 320, 321 (10th Cir. 1978), or falls "outside the protection of due process," <u>Walsh v. Louisiana High Sch. Athletic Ass'n</u>, 616 F.2d 152, 159-60 (5th Cir. 1980), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981).  We are unwilling to hold that an athletic association may enact and enforce, free of judicial review, rules that are arbitrary and capricious.

<u>Id.</u>

Although <u>Stone</u> does not explicitly state the source of a student's interest in participating in school activities, it would appear to arise from the Kansas State Constitution or state common law.  In <u>Stone</u>, because the court found that the right to participate in extracurricular activities was not a fundamental right, it applied the rational basis test to the challenged rule.  <u>See</u> <u>id.</u> at 1259 (due process met if legislative means substantially related to object of rule, or if regulation is reasonable in relation to subject and whether adopted in interest of community).

Assuming that plaintiff could establish a property or liberty interest, he would have to show the exercise of government power without any reasonable justification in the service of a legitimate governmental objective.  <u>See</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998).  In cases of "abusive executive action," only the most egregious official conduct can be said to be "arbitrary in the constitutional sense."  <u>Id.</u> at 849 (citing <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 129 (1992)).  The standard for a substantive due process claim is whether the challenged government action would "shock the conscience of federal judges." <u>Tonkovich</u>, 159 F.3d at 528 (quoting <u>Uhlrig v. Harder</u>, 64 F.3d 567, 573 (10th Cir. 1995)).  To satisfy this standard, plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.  <u>Id.</u> at 574.  Plaintiff must demonstrate "a degree of outrageousness

and a magnitude of potential or actual harm that is truly conscience shocking." Id.  Conscience

shocking behavior generally falls on the far side of the culpability spectrum, requiring plaintiff to

show that the government actor performed with an intent to harm.

The Court finds that defendants' decision to remove plaintiff from the track team does not

"shock the conscience," even if the decision was made to favor Redwine's son. The Court therefore

finds that defendants are entitled to summary judgment on plaintiff's substantive due process claim.

**IT IS THEREFORE ORDERED** that Defendant Stanley Redwine's Motion For Judgment

On The Pleadings (Doc. #11) filed December 27, 2005, and Defendant Lew Perkins' Motion For

Judgment On The Pleadings (Doc. #19) filed February 9, 2005 be and hereby are **SUSTAINED in**

**part as to plaintiff's claims that defendants in their individual and official capacities removed**

**him from the University of Kansas track team in retaliation for his exercise of First**

**Amendment rights to free speech and petition for redress and; and (2) violated his right to**

**substantive due process by arbitrarily dismissing him from the track team.  The motions are**

**OVERRULED as to plaintiff's claims that defendants removed him from the University of**

**Kansas track team in retaliation for his exercise of his Fourteenth Amendment rights to**

**procedural due process.**

**IT IS FURTHER ORDERED** that Perkins' Motion To Stay Discovery (Doc. #21) filed

February 9, 2005 be and hereby is **OVERRULED as moot.**

Dated this 13th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

12