# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEPHANE RICHARD,                                     )
                                                      )
                                    Plaintiff,        )
                                                      )           CIVIL ACTION
v.                                                    )
                                                      )           No. 04-2499-KHV
LEW PERKINS, in his official                          )
and individual capacities, and                        )
STANLEY REDWINE, in his official                      )
and individual capacities,                            )
                                                      )
                                    Defendants.        )
_____)

## MEMORANDUM AND ORDER

Plaintiff Stephane Richard brings suit under 42 U.S.C. § 1983 against Lew Perkins, University of Kansas Athletic Director, and Stanley Redwine, University of Kansas Head Track Coach.  This matter comes before the Court on plaintiff's Motion For Reconsideration (Doc. #44) filed June 20, 2005; defendant Redwine's Motion To Stay All District Court Proceedings Pending Appeal (Doc. #66) filed July 14, 2005; and Defendant Perkins' Motion To Stay All District Court Proceedings Pending Qualified Immunity Appeal (Doc. #69) filed July 22, 2005.  For reasons set forth below, the Court finds that the motions should be overruled.

### Procedural Background[1]

On October 8, 2004, plaintiff filed suit claiming that Redwine and Perkins (1) removed him from the University of Kansas track team in retaliation for his exercise of First Amendment rights to free speech and petition for redress and his Fourteenth Amendment rights to procedural due

_____

[1]   In its Memorandum And Order (Doc. #41) of June 13, 2005, the Court set forth pertinent factual background on defendants' motions to dismiss, which is incorporated by reference.

process; and (2) violated his right to substantive due process by arbitrarily dismissing him from the track team. Plaintiff sought injunctive relief against defendants in their official capacities and money damages against defendants in their individual capacities. On June 13, 2005, the Court dismissed plaintiff's First Amendment and substantive due process claims. See Memorandum And Order (Doc. #41). The Court denied defendants' assertion that they are entitled to qualified immunity on plaintiff's Fourteenth Amendment retaliation claim. On June 20, 2005, Redwine filed a notice of interlocutory appeal of the denial of qualified immunity. See Doc. #42. Later that day, plaintiff filed a motion for reconsideration of the ruling that he had failed to state a substantive due process claim. (Doc. #44). On June 21, 2005, Perkins filed a notice of interlocutory appeal of the denial of qualified immunity. On September 27, 2005, based on the parties' stipulation, the Tenth Circuit dismissed the appeal. See Doc. #75. On October 4, 2005, plaintiff agreed to dismiss with prejudice his claims against Perkins and Stanley in their individual capacities. Accordingly, the sole remaining claim is plaintiff's claim for injunctive relief against defendants in their official capacities.

## Analysis

In his motion to reconsider, plaintiff argues that the Court applied the wrong legal standard to his substantive due process claim. Defendants' response contends that the appeal of denial of qualified immunity deprived this Court of jurisdiction over plaintiff's motion to reconsider and that even if the Court has jurisdiction to consider his motion, plaintiff has not set forth a good basis for reconsideration. Because the Tenth Circuit has now dismissed the appeal, the Court proceeds to the merits of the motion to reconsider.

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider is not a second opportunity

2

for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.  See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).  These factors are not present here.  Plaintiff has not cited any newly discovered evidence, nor has he demonstrated an intervening change in the law.  Plaintiff argues that the Court committed clear error when it applied the "shocks the conscience" standard to his substantive due process claim.  Plaintiff contends that the test of "conscience shocking" behavior is "intentional government misconduct intended to injure a person's rights without any justifiable governmental interest."  Plaintiff's Memorandum In Support (Doc. #45) filed June 20, 2005, citing County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).  Plaintiff mischaracterizes the standard, which this Court set out as follows:

> In cases of "abusive executive action," only the most egregious official conduct can be said to be "arbitrary in the constitutional sense."  Id. at 849 (citing Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)).  The standard for a substantive due process claim is whether the challenged government action would "shock the conscience of federal judges."  Tonkovich, 159 F.3d at 528 (quoting Uhlrig v. Harder, 64 F.3d 567, 573 (10th Cir. 1995)).  To satisfy this standard, plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.  Id. at 574.  Plaintiff must demonstrate "a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."  Id.  Conscience shocking behavior generally falls on the far side of the culpability spectrum, requiring plaintiff to show that the

3

government actor performed with an intent to harm.

Doc. #41 at 11-12.  The Court found that defendants' decision to remove plaintiff from the track team does not "shock the conscience," even if the decision was made to favor Redwine's son.  The Court did not err in applying the "shock the conscience" standard.  Plaintiff's motion for reconsideration is therefore overruled.

**IT IS THEREFORE ORDERED** that  plaintiff's Motion For Reconsideration  (Doc. #44) filed June 20, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant Redwine's Motion To Stay All District Court Proceedings Pending Appeal (Doc. #66) filed July 14, 2005 and Defendant Perkins' Motion To Stay All District Court Proceedings Pending Qualified Immunity Appeal (Doc. #69) filed July 22, 2005 be and hereby are **OVERRULED as moot.**

Dated this 24th day of October, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

4